# IN THE COURT OF APPEALS OF IOWA

No. 22-1822
Filed January 24, 2024

**BURKLE CO. LLC,**
 Plaintiff-Appellee/Cross-Appellant,

**vs.**

**COPPER KITCHEN, LLC; BESIM MAKSUTOSKI; and ANGELA MAKSUTOSKI,**
 Defendants-Appellants/Cross-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, Judge.

Civil defendants appeal the judgment in a breach-of-contract action, and the plaintiff cross-appeals the damages awarded. **AFFIRMED ON APPEAL AND CROSS-APPEAL.**

Christopher Stewart, Konnor Hodges, and Michael Altes, of Gribble Boles Stewart & Witosky Law, Des Moines, for appellants/cross-appellees.

Brett T. Osborn and Emily X. Douglas of Abbott Osborn Jacobs PLC, West Des Moines, for appellees/cross-appellants.

Heard by Greer, P.J., and Ahlers and Buller, JJ.

**BULLER, Judge.**

Copper Kitchen, LLC, and its guarantors Besim ("Ben") Maksutoski and Angela Maksutoski (collectively "Copper Kitchen") appeal the judgment entered in favor of Burkle Co. LLC ("Burkle") in Burkle's breach-of-contract claim and the dismissal of Copper Kitchen's counterclaims for conversion and trespass to chattel. Burkle cross-appeals, claiming the district court erred in limiting its damages. We reject both parties' attempt to re-try the case in our appellate courts and affirm the appeal and cross-appeal.

## I. Background Facts and Proceedings

Burkle owns Copper Creek Plaza, a building in Polk County containing a number of rental spaces or "suites." In June 2017, Copper Kitchen signed a ten-year lease for a suite in the plaza to establish a restaurant and sports bar, with a qualified early-out clause after forty months. Copper Kitchen opened for business in April 2018.

On August 31, 2020, Angela emailed Ron Burkle, Burkle's sole owner and operator, and indicated they were closing the restaurant and "had spoken to someone about subleasing if you are ok with this." Ron responded about ten minutes later: "Please have Ben call me first thing in the morning concerning this situation."

When Ron didn't hear back from Copper Kitchen, he visited the restaurant on September 2 with the property manager. They noted a placard on a window and found Copper Kitchen had removed kitchen equipment and some restaurant and bar furnishings. But a number of items remained, including booths affixed to the walls, tables, chairs, a salad bar, and beer kegs in a cooler.

That same day, Ron sent a message to Copper Kitchen reminding it the lease remained in effect. Ron also sought past-due rent for eight months and additional rent for the remaining fifteen months before the early-out clause would apply, and he reminded Copper Kitchen it would be responsible for utilities and clean-up costs. He also informed them by letter, "I had the locks changed because I didn't know who in your employment may have had keys" and requested "please contact me as soon as possible to make arrangements to get your items out and to get your former restaurant cleaned up." Contrary to Ron's September 2 letter, the locks were changed about two weeks later, after Ron learned items belonging to vendors were missing from the restaurant. Regardless of the lock situation, Ron did not receive any further communication from Copper Kitchen.

Following an unsuccessful demand letter, Burkle filed a lawsuit against Copper Kitchen for breach of written contract, seeking damages for past and future unpaid rent, late fees, utilities, restoration costs, court costs, and attorney fees. Copper Kitchen answered, denying Burkle's claim and the amount of damages. Copper Kitchen also counterclaimed for breach of written contract, conversion, and trespass to chattel.

Following motion practice, the court granted Burkle summary judgment on its breach-of-contract claim because Copper Kitchen conceded Burkle had established all elements of its claim except damages. As the district court put it, "The dispute as to Burkle's breach of contract claim is over damages," noting "[t]here are fact issues raised regarding whether and when mitigation efforts began and ended, and Burkle's relationship to a potential tenant." The court also

dismissed Copper Kitchen's breach-of-contract counterclaim and reserved for trial its counterclaims for conversion and trespass to chattel.

At a bench trial, the court heard testimony from Ron; James Krueger, Burkle's property manager and laborer; Kevin Koethe, a realtor; and Angela. The court was faced with contradictory evidence and testimony. The court resolved the discrepancies by making implicit and explicit credibility findings in a detailed twenty-one-page ruling. Repeating those factual and credibility findings in full serves no purpose here, but we note below some findings relevant to the issues on appeal.

*Restoration damages.* The court found Copper Kitchen "left a mess" when they vacated the premises and failed to respond to invitations to clean up the space and retrieve any items left behind. But the court also found that, for many of its claims, Burkle did not provide sufficient evidence to warrant damages. Claimed costs like repairs and painting were reduced because at least some portion was attributable to Burkle's new business venture. Others were reduced due to lack of itemized billing or for other reasons. And the court denied moving and storage expenses, finding the contract did not authorize them. In total, the court awarded $15,939.11 in restoration damages.

*Rent damages and mitigation.* The court found Burkle took no steps to specifically re-lease the restaurant space and instead chose to open a new venture with one of its business partners. The court found Ron's testimony on mitigation was "not credible," in part because Burkle began renovations in anticipation of its new venture no later than December 2020. Based on these and other findings,

the court awarded Burkle rent damages through December 2020 for a total of $62,112.00.

*Conversion and trespass-to-chattels.* The court found that, while certain property belonging to Copper Kitchen remained on the premises, no principal or agent of Copper Kitchen ever attempted to reclaim that property despite repeated invitations to do so. The court emphasized that, even as of trial, Copper Kitchen could not provide an itemized list of property it sought or its value. And even if Copper Kitchen had supplied an itemized list, there was no evidence Burkle had exercised dominion or control over, or otherwise deprived Copper Kitchen of, any property left behind.

The district court entered judgment for Burkle in the amount of $79,341.46 and directed that Burkle could later file a supplemental application for attorney fees and expenses. Before that supplemental application was filed, Copper Kitchen appealed and Burkle cross-appealed.

## II. Standard of Review

Resolution of this appeal is largely dependent on principles of appellate review:

> We review the judgment of a district court following a bench trial in a law action for correction of errors at law. The district court's findings of fact have the force of a special verdict and are binding on us if supported by substantial evidence. Evidence is substantial if a reasonable person would accept it as adequate to reach a conclusion. Evidence is not insubstantial merely because we may draw different conclusions from it; the ultimate question is whether it supports the finding actually made, not whether the evidence would support a different finding. In determining whether substantial evidence exists, we view the evidence in the light most favorable to the district court's judgment. If the district court's findings are ambiguous, they will be construed to uphold, not defeat, the judgment.

*Chrysler Fin. Co. v. Bergstrom*, 703 N.W.2d 415, 418–19 (Iowa 2005) (internal quotation marks and citations omitted).

### III.  Discussion

The issues on appeal and cross-appeal can be condensed into a few buckets.  Both parties assert the trial court erred in its findings on restoration damages.  Burkle claims error in the district court findings on mitigation.  Copper Kitchen requests we reverse dismissal of its conversion and trespass-to-chattels claims.  And both parties spar over whether attorney fees are properly considered here or in a separate pending appeal.

### A.  Restoration Damages

Copper Kitchen "concedes and is willing to pay for work done to repair the premises that occurred under their control but is not willing to pay for the construction and operation" completed for the restaurant Burkle opened in the space after Copper Kitchen left.  In other words, the fight is over whether damages awarded for some of Burkle's claimed "necessary repair damages" is supported by substantial evidence.  Burkle, on the other hand, disputes certain reductions made by the district court based on inadequacies in the evidence presented.

Broadly speaking, both parties' claims are little more than a plea to re-try this case on appeal.  This, of course, conflicts with our standard of review.  *E.g., id.*  We are not a super-jury, and we are neither permitted nor inclined to substitute our view of the record for that of the factfinder.  We opt not to recite the intricacies relied on by the district court in its detailed ruling on restoration damages, but we are convinced after review of the record that—while we might have ruled differently

on some of the claimed damages were we the trial judge—there is enough evidence supporting each finding that our standard of review compels us to affirm. *See id.*

To the extent any legal argument—rather than a factual argument more appropriately made in the district court—is present in Copper Kitchen's appellate brief, we understand it to draw on one of our unpublished cases to argue the damages claimed were too speculative and uncertain to support an award. *See Gannon v. Willow Creek Century Farms, L.L.C.*, No. 14-0293, 2015 WL 1849401, at *3 (Iowa Ct. App. Apr. 22, 2015). But "[t]here is a distinction between proof of the fact that damages have been sustained and proof of the amount of those damages." *Id.* (quoting *St. Malachy Roman Cath. Congregation of Geneseo v. Ingram*, 841 N.W.2d 338, 352 (Iowa 2013)). And Copper Kitchen acknowledges Burkle sustained some damage. Thus, "the uncertainty merely lies in the amount of damages sustained [and] recovery may be had if there is proof of a reasonable basis from which the amount can be inferred or approximated." *Pavone v. Kirke*, 801 N.W.2d 477, 495 (Iowa 2011) (internal quotation marks and citation omitted). We find this record contains a reasonable basis for approximated damages in the evidence and testimony offered at trial, including bills, receipts, and invoices. We therefore affirm, finding a detailed discussion of each dollar and cent serves no useful purpose in this opinion.

## B. Rent Damages and Mitigation

"When a tenant abandons leased premises prior to the termination of the lease, the landlord has a duty to mitigate damages by using reasonable diligence to relet the property at the best obtainable rent." *J.M. Grimstad, Inc. v.*

*ScanGraphics, Inc.*, 539 N.W.2d 732, 734 (Iowa Ct. App. 1995). There is no preordained method of finding a new tenant that satisfies this duty; the lessor has the burden of proof to show they exercised reasonable diligence to find a new tenant for the property. *Id.*

Burkle challenges the district court's conclusion that it generally failed to mitigate damages because Ron was instead developing the location for his own new venture. But whether a party has exercised due diligence to find a new tenant is a fact question within the purview of the factfinder. *See id.* at 735. So too for credibility determinations, which we defer to on appeal. *City of Cedar Rapids v. Leaf*, 923 N.W.2d 184, 196 (Iowa 2018). Here, the trial court made a specific finding that Ron's testimony on mitigation was not credible and found the more compelling evidence was that Burkle failed to mitigate damages. This conclusion is supported by substantial evidence, and Burkle offers us no legal ground to disturb the ruling on this basis. We affirm, approving of the district court's reasoning and finding a more-detailed recitation of the facts serves no useful purpose.

### C. Conversion and Trespass-to-Chattels Counterclaims

Both of Copper Kitchen's counterclaims hinge on its assertion that Burkle prohibited Ben and Angela from returning to the premises to retrieve property allegedly left behind. Angela testified Burkle told her the locks were changed, so she and Ben could not retrieve their property. But the district court found the more credible—and largely undisputed—evidence was that no principal or agent of Copper Kitchen accepted or otherwise responded to Burkle's invitations to finish cleaning and retrieve property. This finding is supported by substantial evidence

and specific credibility findings, we see no error in dismissing the counterclaims, and we affirm without further discussion.

### D. Attorney Fees

Last, the parties dispute whether an issue relating to attorney fees is properly appealable in this case number. We conclude we need not resolve that question, as we address the merits in *Burkle Co. LLC v. Copper Kitchen, LLC*, No. 23-0231, 2024 WL _____ (Iowa Ct. App. Jan. 24, 2024), also decided today.

### IV. Disposition

Finding substantial evidence supports the district court's ruling, and discerning no legal error on which reversal is warranted, we affirm both the appeal and cross-appeal.

**AFFIRMED ON APPEAL AND CROSS-APPEAL.**